Ct. Crira. App. Tex. Cer-tiorari denied.
Statement of Justice Breyer, -with whom Justice Stevens and Justice Soijter join, respecting the denial of the petition for writ of certiorari.
After petitioner, Allen Bridgers, was arrested, and prior to his interrogation, two detectives from the Fort Lauderdale Police Department read him the following warnings:
‘“You have the right to remain silent. Do you understand? Anything you say can and will be used against you in a court of law. Do you understand? You have the right to the presence of an attorney/lawyer prior to any questioning. Do you understand? If you cannot afford an attorney/ lawyer, one will be appointed for you before any questioning if you so desire. Do you understand?”’ App. to Pet. for Cert. 3.
Bridgers replied that he understood his rights, and that he was not sure whether he wanted an attorney. Bridgers now argues that the warnings were inadequate under Miranda v. Arizona, 384 U. S. 436 (1966), because they did not explain that he had a right to consult an attorney, not only prior to, but also during, questioning.
Although this Court has declined to demand “rigidity in the form of the required warnings,” California v. Prysock, 453 U.S. 355, 359 (1981) (per curiam), the warnings given here say nothing about the lawyer’s presence during interrogation. For that reason, they apparently leave out an essential Miranda element. 384 U.S., at 470.
Because this Court may deny certiorari for many reasons, our denial expresses no view about the merits of petitioner’s claim. And because the poliee apparently read the warnings from a standard-issue card, I write to make this point explicit. That is to say, if the problem purportedly present here proves to be a recurring one, I believe that it may well warrant this Court’s attention.